United States District Court
Middle District of Florida
Jacksonville Division

**JAMES FISHER,**

    *Plaintiff,*

V.                                                         No. 3:19-CV-325-J-34PDB

**SCHUYLER T. SCHMUCKER,**

    *Defendant.*

## Report & Recommendation

Plaintiff James Fisher, proceeding without a lawyer, has filed a "Petition for Custody" over Schuyler Schmucker, Doc. 1, a motion to proceed in forma pauperis under 28 U.S.C. § 1915, Doc. 2, and motions for the issuance of warrants for the arrests of Jennifer Irvine (Schuyler Schmucker's mother), Susan Maynard (Schuyler Schmucker's grandmother), and Donna Schmucker (presumably, another relative of Schuyler Schmucker) for alleged kidnapping, reckless endangerment, and exploitation of a vulnerable person, Docs. 4, 5, 6.

The "Petition for Custody" is a five-page, handwritten document in which Fisher calls himself the "petitioner" and Schuyler Schmucker the "respondent." Doc. 1. Fisher states he is a resident of Duval County and provides a Jacksonville P.O. Box address at which he receives mail and provides a Jacksonville address where Schuyler Schmucker "lives and receives mail." Doc. 1 at 1. He states the action "is governed by the 1974 Mental Health Act of Congress." Doc. 1 at 2.

In the petition, Fisher alleges these facts. He has been the sole caregiver for Schuyler Schmucker since October 2017. Doc. 1 at 3. Schuyler Schmucker is mentally incompetent and under the care of Dr. Lepley, a psychiatrist. Doc. 1 at 3. Irvine and

Maynard "had [Schuyler Schmucker] living in the streets" before living with Fisher. Doc. 1 at 3. Fisher cooks, cleans, and shops for Schuyler Schmucker. Doc. 1 at 3. Fisher is Schuyler Schmucker's "payee" for social-security benefits. Doc. 1 at 3. Schuyler Schmucker "is very close to receiving a very large retroactive payment and the grandmother now wants that money[.] Irvine is doing her best to get [Schuyler Schmucker] to leave and not take his medication[.]" Doc. 1 at 3. Irvine and Maynard are endangering Schuyler Schmucker, and "adult protective services" are investigating them. Doc. 1 at 3. Schuyler Schmucker's diagnoses are "schizoaffective, bipolar types, multiple personalities disorder with suicidal tendencies/ideations and type 1 diabetic." Doc. 1 at 3. Dr. Lepley will "testify for petitioner in this case." Doc. 1 at 3.

Fisher seeks (1) an order establishing his custody over Schuyler Schmucker because Schuyler Schmucker "cannot make decisions that are good for him," 2) a permanent "no contact" order against Irvine and Maynard, and 3) a jury trial. Doc. 1 at 4. Fisher contends he is entitled to relief because he has been the sole provider for Schuyler Schmucker for over a year, Schuyler Schmucker is in danger of harming himself, and "the interests of justice" demand the Court enter a custody order. Doc. 1 at 5.

This Court recently dismissed another action by Fisher for lack of subject-matter jurisdiction on facts like those alleged in this case.[1] *See Fisher v. Yaccarino*, No. 3:18-cv-1299-J-34MCR, 2018 WL 6493104, at *3 (M.D. Fla. Nov. 19, 2018) (unpublished), *report and recommendation adopted*, 2018 WL 6466980. There, the Court identified at least four other actions in which Fisher has sought to establish custody over allegedly mentally incompetent people, all leading to recommendations

---

[1]This Court also recently dismissed another case in which Fisher tried to sue Coastal Spine and Pain for refusing to continue prescribing him medication. *See Fisher v. Coastal Spine and Pain-Riverside Office*, No. 3:18-cv-1203-J-39PDB.

of dismissal for lack of subject-matter jurisdiction. *See Fisher*, 2018 WL 6493104 at *2 (collecting cases).

Federal courts have an independent obligation to determine if subject-matter jurisdiction exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A federal court may have jurisdiction under a specific statutory grant, federal-question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). If the court determines it lacks jurisdiction, it must dismiss the action, Fed. R. Civ. P. 12(h)(3), without prejudice, *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Although a pro se litigant generally should be permitted to amend a pleading, a court need not provide leave to amend if it would be futile, meaning the pleading as amended would still be properly dismissed or immediately subject to summary judgment. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Dismissal of this action without prejudice is warranted. Even construing the petition liberally to account for Fisher's pro se status, Fisher alleges no facts showing this Court has subject-matter jurisdiction. As this Court has previously explained, the statute he cites "is not an identifiable federal cause of action or ground for relief," and to the extent he seeks relief under the Florida Mental Health Act (The Baker Act), Fla. Stat. §§ 394.451–394.47892, the Court has no subject matter jurisdiction. *See Fisher v. Griffis*, 3:11-cv-47-J-32JRK, Doc. 5 at 4. Because the Court has no subject-matter jurisdiction, amendment would be futile.

Thus, the undersigned recommends:

(1)     **dismissing** the action without prejudice; and

(2)  **directing** the Clerk of Court to terminate all pending motions and close the action.²

**Ordered** in Jacksonville, Florida, on April 8, 2019.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:  James Fisher
    P.O. Box 1942
    Jacksonville, FL 32201

---

²"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.